### AMERICAN PAC. WHALING CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 8786.

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1938.

H. B. Jones, Raymond G. Wright, and Robert E. Bronson, all of Seattle, Wash., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, F. E. Youngman, and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This matter has been before this court on a previous petition by the taxpayer to review a decision of the Board of Tax Ap-

---

peals. We refer to our opinion on that application for a statement of the facts. 9 Cir., 74 F.2d 613. The decision of the Board imposing the tax was reversed and the matter remanded to the Board for a determination by it of the nature of the arrangement made between the Washington Company and petitioner under which, during the fishing season of 1926, it used and operated the property formerly belonging to the Washington Company.

On the hearing on remand the Board of Tax Appeals found that before the whaling season of 1926 opened, the whaling ships of the Washington Company were transferred to petitioner, for a consideration and were owned by it. It follows from our previous decision that the income derived from the use of the transferred property was the income of the petitioner for the year 1926 and not that of the Washington Company. Consequently, the petitioner is not entitled to deduct from its income for the year 1926 the loss suffered by the Washington Company in 1925. § 206 (b), Revenue Act of 1926, 44 Stat. 9, 17, Id., 26 U.S.C.A. § 117 note.

In view of our previous decision and the finding of the Board of Tax Appeals, which is binding upon us if sustained by the evidence, the question before us reduces itself to that of whether or not there was substantial evidence of such transfer for a consideration.

The evidence shows that on December 21, 1925, the board of trustees of the Washington Company adopted a resolution to the effect "that the company sell all its fixed assets and goodwill to the North Pacific Sea Products Company for the sum of $152,-003.19." A similar resolution to purchase the property was adopted by the board of directors of the petitioner on the same day. These resolutions were approved by the stockholders of the respective corporations. Book entries were made showing the transfer of the property of the Washington Company to the petitioner. The whaling vessels belonging to the Washington Company and used in the whaling operations of the season of 1926 were not specifically mentioned in the resolutions of the respective corporations for the transfer nor in the book entries resulting therefrom. Consequently, it is claimed by the appellant that the phrase "fixed assets" did not include these vessels.

In May, 1926, bills of sale covering the whaling vessels in question owned by the Washington Company were executed by it to the plaintiff before they sailed to take part in the whaling operations for the year 1926. Thereafter, the stockholders of the Washington Company, on July 2, 1926, adopted a resolution declaring that it had disposed of all its assets and directed proceedings for the dissolution of the corporation.

This evidence was sufficient to sustain the finding of the Board of Tax Appeals. Consequently, we do not set out other evidence tending to support that finding.

Order affirmed.